# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TURNER BROS. CRANE AND RIGGING, LLC<br>    Plaintiff | * * * * | CIVIL ACTION<br><br>NO. 06-110 |
| versus | * * | |
| KINGBOARD CHEMICAL HOLDING LIMITED, HEXION SPECIALTY CHEMICALS, INC., FORMERLY KNOWN AS BORDEN CHEMICAL, INC., BORDEN, INC., BORDEN COMPANY, AND, PIONEER MAINTENANCE AND ERECTORS, LLC<br>    Defendants | * * * * * * * * | JUDGE FRANK J. POLOZOLA<br><br><br><br><br><br>MAGISTRATE JUDGE DALBY |

### AFFIRMATIVE DEFENSES, ANSWER, COUNTERCLAIM, AND THIRD PARTY DEMAND

Defendant, Hexion Specialty Chemicals, Inc. ("Hexion") in response to the Petition of Turner Bros. Crane and Rigging, LLC, respectfully represents:

### AFFIRMATIVE DEFENSES

Hexion asserts the following defenses to the Petition of Turner Bros:

### FIRST DEFENSE

The Petition fails to state a claim against Hexion for which relief can be granted.

### SECOND DEFENSE

Any loss sustained by Turner Bros. was due to its own acts or omissions, or the acts or omissions of persons or entities over whom Hexion exercised no control.

### THIRD DEFENSE

Turner Bros. has failed to mitigate its damages.

### FOURTH DEFENSE

The amounts that Turner Bros. seeks to recover are not recoverable because Hexion had no relationship, contractual or otherwise, with Turner Bros.

### FIFTH DEFENSE

The amounts that Turner Bros. seeks to recover are not recoverable because Hexion did not agree in writing to the price and work allegedly performed on the property at issue by Turner Bros.

### SIXTH DEFENSE

There was a lack of consideration between Hexion and Turner Bros.

### SEVENTH DEFENSE

Upon information and belief, Turner Bros. was paid all amounts due for the work it allegedly performed.

### EIGHTH DEFENSE

The lien that Turner Bros. seeks to enforce was improperly filed, and, therefore, is unenforceable.

### NINTH DEFENSE

Turner Bros. has failed to comply with Louisiana's Private Works Act, La. R.S. 9:4801, *et seq*.

### TENTH DEFENSE

Turner Bros. claims are barred by the doctrines of assumption of the risk, indemnity, consent, waiver, or estoppel.

## ELEVENTH DEFENSE

Turner Bros. claims are barred by the applicable prescriptive period or statue of limitations.

## TWELFTH DEFENSE

Turner Bros. claims are barred by its own unclean hands and the doctrine of inexcusable neglect.

## THIRTEENTH DEFENSE

Turner Bros. claims are barred by off-set and set-off.

## FOURTEENTH DEFENSE

Turner Bros. claims for damages arising form an alleged contract are barred by Turner Bros. breaches of any contract at issue.

AND FURTHER RESPONDING, Hexion answers the allegations in Turner Bros.' petition, as amended by the Amended Complaint, as follows:

**1.**

Hexion admits the allegations contained in ¶1(b) of the Petition. Hexion denies the remaining allegations contained in ¶1 of the Petition for lack of information sufficient to justify a belief therein.

**2.**

Hexion denies the allegations contained in ¶2 of the Petition.

**3.**

Hexion admits that venue is proper in this judicial district. Hexion denies the remaining allegations contained in ¶3 of the Petition.

**4.**

Hexion admits that it owns some tracts of land located in Geismar, Louisiana, within a larger area that is generally bounded by LA Hwy. 75 to the west, LA Hwy. 73 to the North, and LA Hwy. 30 to the East. Hexion denies the remaining allegations contained in ¶4 of the Petition.

**5.**

Hexion denies the allegations contained in ¶5 of the Petition for lack of information sufficient to justify a belief therein.

**6.**

Hexion denies the allegations contained in ¶6 of the Petition for lack of information sufficient to justify a belief therein.

**7.**

Hexion denies the allegations contained in ¶7 of the Petition for lack of information sufficient to justify a belief therein.

**8.**

Hexion denies the allegations contained in ¶8 of the Petition.

**9.**

Hexion denies the allegations contained in ¶9 of the Petition.

**10.**

Hexion denies the allegations contained in ¶10 of the Petition for lack of information sufficient to justify a belief therein.

**11.**

Hexion denies the allegations contained in ¶11 of the Petition.

**12.**

Hexion denies the allegations contained in ¶12 of the Petition for lack of information sufficient to justify a belief therein..

**13.**

Hexion denies the allegations contained in ¶13 of the Petition.

**14.**

Hexion denies the allegations contained in ¶14 of the Petition for lack of information sufficient to justify a belief therein..

**15.**

Paragraph 15 of the Petition contains legal conclusions, and therefore does not require an answer. However, out of an abundance of caution, Hexion denies the allegations contained in ¶15 of the Petition.

**16.**

Hexion's prayer for relief in the Petition, containing unnumbered paragraphs beginning with the word "WHEREFORE", does not require an answer. However, out of an abundance of caution, Hexion denies the allegations contained in Turner Bros.' prayer for relief in the Petition.

WHEREFORE, Hexion Specialty Chemicals, Inc., prays that after due proceedings this Court render a judgment in its favor, dismissing the claims of the plaintiff, Turner Bros. Crane and Rigging, LLC, with prejudice; awarding Hexion all costs and expenses to which Hexion may be entitled; and awarding Hexion all legal, equitable, general, or other relief to which Hexion may be entitled.

Respectfully submitted,

/s/ David M. Kerth
**Robert W. Scheffy, Jr. (Bar Roll No. 11763)**
**David M. Kerth (Bar Roll No. 25126) T.A.**
**Jones, Walker, Waechter, Poitevent,**
 **Carrère & Denègre, L.L.P.**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809-7000
Telephone: (225) 248-2048
Facsimile: (225) 248-3048

**Attorneys for Hexion Specialty Chemicals, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2006, a copy of the foregoing Affirmative Defenses, Answer, Counterclaim, and Third Party Demand was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Jason A. Bonaventure, Roy C. Cheatwood, Amanda Giering Clark, Rachelle D. Dick, Kent A. Lambert, Tommy D. Snyder, Jr., and Richard John Tyler, by operation of the Court's electronic filing system.

/s/ David M. Kerth
**David M. Kerth**